UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CHRISTOPHER WAYNE CURTIS, | CASE NO. 1:15-cv-01682-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| v. | **(ECF No. 1)** |
| C. PADUA, et al., | **FIRST AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening. (ECF No. 1.)

**I.   SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate at Valley State Prison ("VSP") in Chowchilla, California. He names as Defendants Correctional Officer ("CO") C. Padua, Pharmacist F. Lopez, Correctional Lieutenant ("CL") R. Warren, and John and Jane Does 1-15.

Plaintiff's allegations may be summarized essentially as follows:

Within a one week period, Plaintiff was given a urinalysis test twice, suggesting it was not random. His urine was then sent to "an unknown, unauthorized testing laboratory" without Plaintiff's consent. These acts were in violation of Plaintiff's Fourth and Eighth Amendment rights and in violation of HIPAA.

Pharmacists J. Zhu (not named in this action) and F. Lopez provided Plaintiff's confidential medical information to VSP custody staff and investigative services ("ISU"), in violation of Plaintiff's HIPAA and privacy rights. These pharmacists also falsely reported that Plaintiff was not prescribed any medication that would result in a positive test for morphine even though they knew that Plaintiff was prescribed codeine for pain and that codeine metabolizes in the human liver as morphine. (The complaint suggests, but does not explicitly say, that Plaintiff's tests results came back positive for morphine.)

The Court infers from the complaint that the positive test results and the pharmacists' statements precipitated a Rules Violation Report ("RVR") and a finding that Plaintiff was guilty of unspecified charges. Unidentified hearing officers wrongfully found Plaintiff guilty despite access to evidence that would prove his innocence. Plaintiff's guilty charge was later overturned.

Plaintiff seeks $10,000,000 in damages, punitive damages, injunctive relief ordering the California Department of Corrections and Rehabilitation to stop random urinalysis testing; declaratory relief that random urinalysis testing is illegal; and attorney's costs and fees.

**IV.   ANALYSIS**

**A.   Linkage**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiffs must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff's complaint does not include any charging allegations as to CO Padua and CL Warren. Therefore, these Defendants will be

dismissed. Plaintiff will, however, be granted leave to amend to assert factual allegations demonstrating that each personally participated in a deprivation of Plaintiff's rights.

### B. Claims Related to Urinalysis Testing

#### 1. Fourth Amendment

The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections extend to incarcerated prisoners. Bell v. Wolfish, 441 U.S. 520, 545 (1979). A urine test is a "search" for Fourth Amendment purposes. Skinner v. Railway Labor Executives' Assn., 489 U.S. 602, 617 (1989). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79 (1987). In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559. The Ninth Circuit has held that urine tests to search for drugs are reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison. Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997).

Plaintiff's claim that urine-testing violates the Fourth Amendment has already been considered and rejected by the Ninth Circuit in Thompson. Insofar as the complaint can be construed to allege that the testing was not random, there are no facts alleged to indicate that the testing of Plaintiff twice in one month was either unreasonable or anything more than chance. Finally, Plaintiff has not linked any Defendant's conduct to this claim. Accordingly, it will be dismissed.

#### 2. Eighth Amendment

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to satisfy two requirements. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S.

294, 298 (1991)); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson, 501 U.S. at 298-300. "[A]fter incarceration only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment." Jeffers v. Gomez, 267 F.3d 895 (9th Cir. 2001) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992); Whitley v. Albers, 475 U.S. 312, 319 (1986)). "[A]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" Hope v. Pelzer, 536 U.S. 730, 737 (2002) (quotations omitted).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994) In other words, the prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id.

Plaintiff's challenge to the urine testing as violative of the Eighth Amendment fails because there is no suggestion that the testing is, objectively, sufficiently serious to satisfy the first prong of an Eighth Amendment analysis. Even if Plaintiff could satisfy the first prong, there are no facts alleged that any Defendant knew of and disregarded a substantial risk of physical or mental harm to Plaintiff when he was selected for random urine testing. See also Hinkley v. Warner, 616 Fed. App'x 255, 255 (9th Cir. Sept. 4, 2015) (finding district court properly dismissed prisoner's random urinalysis drug testing claim as violation of Eighth Amendment for failing to state a claim). This claim will also be dismissed.

### 3. HIPAA

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat.1936, restricts health care entities from disclosure of "protected health information" ("PHI"). Regulations authorized by the HIPAA, 42 USC § 1320d et seq., prohibit ex parte communications with health care providers regarding patients' medical condition without their consent or a "qualified protective order" (45 CFR § 164.512).

Insofar as Plaintiff attempts to state a cause of action under HIPAA, he is not entitled to do so. HIPAA does not provide for a private right of action. The law specifically states that the Department of Health and Human Services must pursue enforcement actions. Sconiers v. California Dept. of Social Services, 2008 WL 53231, at *4 (E.D. Cal., Jan. 2, 2008) (citing O'Donnell v. Blue Cross Blue Shield of Wyoming, 173 F. Supp. 2d 1176, 1178 (D. Wyo. 2001)); see also University of Colorado Hospital v. Denver Publ'g Co., 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004) (same).

### C. Claims Related to RVR Hearing

#### 1. Medical Privacy

According to the U.S. Supreme Court, the Constitution protects a right to privacy regarding "the individual interest in avoiding disclosure of personal matters." Whalen v. Roe, 429 U.S. 589, 599 (1977). An incarcerated individual "retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Turner v. Safley, 482 U.S. 78, 95 (1987) (quotation omitted).

The Ninth Circuit recognizes a constitutional right to the privacy of medical information in a variety of contexts.[1] However, as to prisoner medical records, the Ninth Circuit recently explained that inmates "do not have a constitutionally protected

---

[1] Courts are required to "balance the following factors to determine whether the governmental interest in obtaining information outweighs the individual's privacy interest: (1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004).

expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). Examples of such an interest include the need "to protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts." Id. at 534-35.

In Seaton, the court affirmed dismissal of a civil rights action brought by a prisoner whose medical records were given to two psychologists for purposes of a civil commitment evaluation. The Seaton Court concluded that prison officials had a "substantial" penological interest in using the medical records to evaluate the prisoner to determine if he was a sexually violent predator to be detained under state law. 610 F.3d at 536. "Whatever constitutional right to privacy of medical information may exist" for California prisoners, the disclosure of information regarding sexually violent predators in commitment proceedings "falls outside it." Id. at 539. The court also concluded that plaintiff's circumstances did not fall within the Tuscon Woman's Clinic factors given the need for the state to use this information to protect the community.

The Seaton Court put the burden on the prisoner to plead "facts to rebut the connection between disclosure of his prison treatment records and the State's legitimate penological objectives during his custody. 610 F.3d at 535. Viewing the facts as pled in the complaint in the light most favorable to Plaintiff, he has not done so in this case. The expressed purpose for the pharmacists' communicate with VSP custody staff and ISU was to determine if Plaintiff was prescribed any medication that would explain a positive test for narcotics following a urinalysis. The disclosure to prison staff certainly can be justified as a means of promoting a drug-free institution. Accordingly, this claim will be dismissed.

## 2. False Information and False Charges

Finally, to the extent Plaintiff brings a claim against the pharmacists for providing incorrect information to VSP custody staff and ISU and against any hearing officers for

7

finding him guilty as a result, he fails to state a claim. Plaintiff does not have a constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that could result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as he was afforded procedural due process in connection with the RVR proceedings, the allegations that the pharmacists provided false information or that the hearing officers improperly found him guilty fail to state a claim under Section 1983.

## V.   CONCLUSION AND ORDER

The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff shall a first amended complaint curing the deficiencies identified by the Court in this order;
2. The Clerk's Office shall send Plaintiff (a) a blank civil rights complaint form and (b) a copy of his complaint, filed September 10, 2015;
3. If Plaintiff fails to file a first amended complaint, the Court will dismiss this action, with prejudice, for failure to comply with a court order and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1761 (2015).

IT IS SO ORDERED.

Dated:   November 12, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE