UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WAYNE CURTIS,

Plaintiff,

v.

C. PADUA, et al.,

Defendants.

CASE NO. 1:15-cv-01682-MJS (PC)

**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**

**(ECF Nos. 5, 9)**

**CLERK TO TERMINATE PENDING MOTIONS AND CLOSE CASE**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

On November 12, 2015, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 5.) Plaintiff sought and received an extension of time to January 29, 2016 to file an amended pleading. (ECF Nos. 7, 8.) Plaintiff did not file an amended pleading in the time provided and, on February 12, 2016, the Court ordered Plaintiff to show cause why the action should not be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order. (ECF No. 9.) Plaintiff did not respond to the order to show cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the

factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff is likely unable to pay monetary sanctions, making such sanctions of little use.

Based on the foregoing, it is HEREBY ORDERED that:

1. The action is dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute;
2. Dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk's Office is directed to terminate any and all pending motions and to close the case.

IT IS SO ORDERED.

Dated: March 9, 2016

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE